FILED
Dec 13, 2019
07:49 AM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS





## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | |
|---|---|
| WILLIAM WASHINGTON,<br>   Employee,<br>v.<br><br>IB-TECH<br>   Employer,<br>And<br><br>SOMPO AMERICA INS. CO.<br>  Insurer. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Docket No.: 2019-05-0823<br><br><br>State File No.: 51617-2019<br><br><br>Judge Robert Durham |

## EXPEDITED HEARING ORDER DENYING BENEFITS
## (DECISION ON THE RECORD)

This case came before the Court for an expedited hearing. Following the parties' agreement to accept a decision on the record, the Court issued a Docketing Notice that required responses by December 10.

The issue is whether Mr. Washington provided sufficient evidence to establish he is likely to prove at trial that he is entitled to benefits for his low-back and left-leg pain. The Court holds the evidence is insufficient at this time and denies the requested benefits.

### History of Claim

Mr. Washington submitted a Petition for Benefit Determination claiming he suffered a work injury on May 15, 2019, to his low back and left leg. In his affidavit, Mr. Washington stated that he was "having a problem" picking up a seat adjuster, and he told his supervisor that "something wasn't right." He thought he was having a stroke and left to seek medical treatment.

Jennifer Calahan, Human Resource Manager for IB-Tech, confirmed that on his last day at work, Mr. Washington clocked-out after working only one hour and that he told "multiple individuals" that he thought he was having a stroke. However, she stated that this incident occurred on May 9, not May 15.

1

Based on the submitted medical records, Mr. Washington sought unauthorized treatment on May 9; however, neither party provided a record of the visit. Two days later, he went to the emergency room complaining of left-leg and mild low-back pain that began "several days ago." According to the record, he denied any trauma, and the provider did not mention a work-related injury. He underwent a lumbar CT scan, which revealed degenerative disc disease causing narrowing in his spinal canal and nerve root exits in multiple lumbar discs. The provider diagnosed lumbar radiculopathy and prescribed pain medication and anti-inflammatories.

On May 13, Mr. Washington saw Dr. Samuel Bastian, a general practitioner, to address his low-back and left-leg complaints. He stated his symptoms began a week earlier and were unchanged. The records listed the mechanism of injury as "unknown" and do not mention a work-related accident. Dr. Bastian diagnosed discogenic pain and referred Mr. Washington to physical therapy while continuing his medication. This concluded the evidence presented to the Court.

### Findings of Fact and Conclusions of Law

Mr. Washington must present sufficient evidence establishing that he will likely prevail at trial to receive benefits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2019).

First, the Court will address whether the alleged work injury occurred on May 9 or May 15. Based on the entire record, it seems clear that Mr. Washington erred when he listed May 15 as the incident date and it was more likely on May 9. However, the Court finds the error irrelevant at this time.

The more pressing issue is causation. Mr. Washington must show he is likely to prove that his low-back and left-leg pain arose primarily out of and in the course and scope of his employment with IB-Tech. To do that, he must establish to a reasonable degree of medical certainty that his employment contributed more than fifty percent in causing the need for medical treatment, considering all causes. Reasonable degree of medical certainty means "it is more likely than not considering all causes, as opposed to speculation or uncertainty." *See* Tenn. Code Ann. § 50-6-102(14). Thus, causation must be established through proof of a work-related accident as well as expert medical testimony, and it must be by more than "speculation or possibility." *Id.*

Here, Mr. Washington did not provide any evidence of a work-related accident. His affidavit only refers to "having problems" lifting a seat adjuster, and he told his supervisor and others that he thought he was having a stroke. Neither of the submitted medical records refers to a work injury, and in fact, both stated that the mechanism of injury was unknown.

2

The Court further finds that Mr. Washington's evidence is insufficient to establish he is likely to prevail at trial even with regard to the provision of a panel of physicians. *See* Tenn. Code Ann. § 50-6-204. Medical evidence is generally required to establish a causal relationship, "[e]xcept in the most obvious, simple and routine cases." *Cloyd v. Hartco Flooring Co.*, 274 S.W.3d 638, 643 (Tenn. 2008). Here, Mr. Washington did not provide any medical opinion that even addressed a possible causal connection between his employment and his low-back and leg pain. To date, Mr. Washington has only offered speculation as to the cause of his pain, which cannot serve as justification for the provision of benefits. Tenn. Code Ann. § 50-6-102(14).

IT IS, THEREFORE, ORDERED that:

1. Mr. Washington's request for benefits is denied at this time.

2. This case is set for a Scheduling Hearing on February 3, 2020, at 9:00 a.m. C.S.T. The parties or their counsel must call 615-253-0010 or toll-free at 855-689-9049 to participate in the hearing. Failure to call might result in a determination of the issues without your participation.

**ENTERED December 13, 2019.**

Robert V. Durham, Judge
**Court of Workers' Compensation Claims**

# APPENDIX

Technical Record

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Docketing Notice
5. IB-Tech's position statement

Exhibits

1. Mr. Williams's affidavit
2. Wage Statement
3. Dr. Samuel Bastian's records
4. Williamson Medical Center's records
5. Ms. Calahan's affidavit

## CERTIFICATE OF SERVICE

A copy of the Expedited Hearing Order Denying Benefits was sent as indicated on December 13, 2019.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| William Washington | X | | | 1609 Christi Avenue Chapel Hill, TN 38034 |
| Brent Moore | | | X | bmoore@ortalekelley.com |

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

4



### Expedited Hearing Order Right to Appeal:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**EXPEDITED HEARING NOTICE OF APPEAL**
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

**Employee** _____

v.

_____
**Employer**

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information
**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

## List of Parties
**Appellant (Requesting Party):**_____ At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____  SF#: _____  DOI: _____

## Appellee(s)

**Appellee (Opposing Party):**_____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I,_____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20___

[Signature of appellant or attorney for appellant]     _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____

2. Address: _____

3. Telephone Number: _____

4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

LB-1108 (REV 11/15)                                                            RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental $ _____ per month

Groceries    $ _____ per month    Telephone    $ _____ per month

Electricity    $ _____ per month    School Supplies $ _____ per month

Water    $ _____ per month    Clothing    $ _____ per month

Gas    $ _____ per month    Child Care    $ _____ per month

Transportation $ _____ per month    Child Support $ _____ per month

Car    $ _____ per month

Other    $ _____ per month (describe: _____ )

10. Assets:

Automobile    $ _____    (FMV) _____

Checking/Savings Acct. $ _____

House    $ _____    (FMV) _____

Other    $ _____    Describe: _____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                 RDA 11082